IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02412-DDD-KLM

ESTATE OF BIRENDRA THAKURI, by and through its personal representative Sanu Thakuri,

    Plaintiff,

v.

CITY OF WESTMINSTER, and
STEVEN BARE, in his individual capacity,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Joint Motion to Stay Discovery Pending Ruling on Motion to Dismiss** [#22][1] (the "Motion"). Plaintiff filed a Response [#39] in opposition to the Motion, and Defendants filed a Reply [#42]. Defendants ask the Court to stay discovery in this case until after the pending Amended Motion to Dismiss [#31] is resolved by the District Judge. Defendant Steven Bare ("Bare") is identified in his personal capacity only and asserts a qualified immunity defense to Plaintiff's sole claim asserted against him under 42 U.S.C. § 1983 for the alleged violation of Plaintiff's rights under the Fourth Amendment. *See Compl.* [#1] ¶¶ 186-202.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See*

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

*Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (stating that "the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff provides a thoughtful, lengthy discussion regarding the *String Cheese*

*Incident* factors but also appears to suggest that a sixth factor should be added to the *String Cheese Incident* analysis when the stay is predicated on a pending dispositive motion. This factor would be akin to the first element examined in cases where preliminary injunctions are sought, i.e., examination of whether Plaintiff has a likelihood of success on the merits. *See, e.g.*, *Assoc. of Christian Schs. Int'l v. Burwell*, 75 F. Supp. 3d 1284, 1290 (D. Colo. 2014) (listing the elements a party must meet to obtain a preliminary injunction).

In support, Plaintiff points to *Bacote v. Federal Bureau of Prisons*, No. 17-cv-03111-RM-NRN, 2019 WL 5964957, at *2 (D. Colo. Nov. 13, 2019), in which the District Judge reviewed and affirmed the Magistrate Judge's decision to enter a stay pending resolution of a dispositive motion. *Response* [#39] at 11-13. The District Judge made two points pertinent to the present Motion [#39]. *Bacote*, 2019 WL 5964957, at *2. First, he noted that, while "this District often applies the *String Cheese* factors in deciding motions to stay, . . . no judge—or magistrate judge—is required to follow or apply the *String Cheese* factors." *Id.* (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.")). Second, as a result, the District Judge held:

> [T]he Magistrate Judge's decision to consider a *non-String Cheese* factor . . . does not render his decision clearly erroneous or contrary to law. Here, the Magistrate Judge indicated he was taking a preliminary peek at the merits of the Motion to Dismiss. There is no controlling law, however, which precludes such a consideration. Nor can the Court say that to do so in this instance was clearly erroneous. First, the Motion to Dismiss was before the Magistrate Judge for a recommendation as to the merits. Further, and importantly, the parties' briefing and oral argument addressed the merits of the Motion to Dismiss as it was raised in conjunction with, and relative to, the merits of the Motion to Stay.

*Bacote*, 2019 WL 5964957, at *2 (internal footnote omitted).

Under the circumstances of this case, the Court is not inclined to follow *Bacote* in this regard. *Bacote* is distinguishable in that the motion to dismiss there was referred to the Magistrate Judge for a recommendation on the merits; here, Defendant Bare's Amended Motion to Dismiss [#31] has not been referred to the undersigned for a recommendation on the merits.[2] As a practical matter, examining the merits of Plaintiff's claim against Defendant Bare on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay and inappropriately usurping the District Judge's authority to determine the merits of the Motion to Dismiss [#31]. Moreover, that approach is simply not feasible on a regular basis in light of the Court's workload.

Turning to the five traditional *String Cheese Incident* factors, the Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff states:

> [C]losure and resolution are perhaps most important in a case such as this, which concerns the untimely death of a young man. Data shows that in the District of Colorado, parties wait over five months on average before a decision is reached on a motion to dismiss (when, as here, the motion is not referred to a magistrate judge for recommendation). This Court previously acknowledged the issues implicated by a stay, stating: "the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed."

*Response* [#39] at 8 (internal footnote omitted). Although Plaintiff has provided no specific details about the prejudice it could incur by a stay, the Court gives Plaintiff the benefit of the doubt with respect to its interest in proceeding. Based on the considerations

---

[2] Defendant City of Westminster filed an Answer [#18] to the Complaint [#1] rather than a dispositive motion.

expressed, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Here, the sole claim against Defendant Bare made in this case is subject to the qualified immunity defense, because Defendant Bare is a government official, Plaintiff only seeks damages, and the sole claim asserted against Defendant Bare is in his individual capacity only. *Compl.* [#1]. Plaintiff argues that Defendant Bare will be subject to discovery regardless of whether his Motion to Dismiss [#31] is granted, and therefore Defendants cannot show that it would be an undue burden on him to proceed with discovery now. *Response* [#39] at 9. However, even if Defendant Bare would be subject to *some* discovery at some point in this lawsuit, there is no showing by Plaintiff that Defendant Bare would be subject to the *same type and volume* of discovery. Accordingly, based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, Plaintiff asserts that "[j]udicial efficiency is not served by letting a case stagnate on the Court's docket before a plaintiff is allowed to prosecute its case." *Response* [#39] at 7. This may be partially true. But if the case remains "in a

stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and discovery issues will not be raised until it is clear which claims and which Defendants will be moving forward in this case. It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts:

> Lastly, but perhaps most significantly, the public also has a significant interest in the resolution of constitutional claims against the government and in understanding the depth and severity of these issues—especially where they center around a very concerning trend of citizen deaths at the hands of law-enforcement officials. The public has a special interest in matters of public safety. The public interest is well served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against public officials.

*Response* [#39] at 10-11 (internal citation and quotation marks omitted) (citing *A.A v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045, at *14 (D. Colo. July 12, 2012)). Defendant asserts that "[t]he fifth factor . . . weighs in favor of granting the stay as the public interest favors conservation of resources by the Court and the parties, particularly here where the defense expenses are ultimately borne by the public." *Motion* [#22] at 9 (footnote omitted).

The Court is not persuaded that stays in section 1983 cases are contrary to the public interest simply because they may delay appropriate discipline or procedural reform or deter future plaintiffs. The *possibility* that those effects may occur is outweighed by

several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant Bare's Amended Motion to Dismiss [#31] is appropriate. Plaintiff further argues, however, that even if the Court finds that discovery should be stayed as to Defendant Bare, discovery should not be stayed as to Defendant City of Westminster, given that, regardless of the outcome of the Motion to Dismiss [#31], the three claims against the City of Westminster will proceed to discovery because the City filed an Answer [#17] to the Complaint [#1]. *Response* [#39] at 4-6.

In support, Plaintiff cites two cases in which discovery was permitted to proceed against entity defendants even though a stay was ordered as to individual defendants asserting qualified immunity. *Id.* at 5 (citing *Estate of Goodwin by and through Alvarado v. Connell*, No. 17-cv-01124-PAB-MLC, 2017 WL 6561153, at *2 (D. Colo. Dec. 22, 2017); *Moses-EL v. City & Cty. of Denver*, No. 17-cv-03018-MSK-MJW, ECF No. 93 (D. Colo. July 16, 2018) (text-entry only)). In *Moses-EL v. City and County of Denver*, the Chief Judge stated:

> Although the Court is mindful of the discussion in *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009), regarding the necessity to shield the individual Defendants from the indirect burdens of discovery, this Court does not read that case to automatically entitle entities—who are not entitled to qualified

> immunity—to the same broad protection agaisnt [sic] discovery that individuals asserting qualified immunity have. This is particularly so as, here, Denver has not asserted that the Plaintiffs have even served any discovery requests yet, much less demonstrated that such requests unduly burden the individual Defendants. The Court can conceive of many topics of discovery that can be sought from Denver without implicating the individual Defendants' interests, including the identification and production of City policy statements, manuals, training materials, personnel records, correspondence and information not involving the individual Defendants, and information relating to comparable cases involving similarly-situated individuals. Accordingly, the Court cannot say that a wholesale, derivative stay of discovery against Denver is proper, and the Court overrules Denver's Objections. Denver may, of course, challenge the appropriateness of a specific discovery request if it believes that such a request compromises the individual Defendants' immunity from discovery (as discussed in *Iqbal*). But to the extent that Denver contends that it is automatically and completely entitled to piggyback on the individuals' immunities from discovery, the Court finds that argument without merit.

17-cv-03018-MSK-MJW, ECF No. 93.

The Court agrees that an entity defendant may not be entitled to an automatic and complete stay of discovery simply because an individual defendant has asserted qualified immunity. However, the Court reads *Iqbal* to direct a strong presumption in favor of a stay as to discovery from entity defendants when an individual defendant has asserted qualified immunity. In *Iqbal*, the Supreme Court stated:

> Our rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. . . .

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685-86. To be sure, there may be instances where at least partial discovery should be allowed to proceed against an entity defendant even when the individual defendant has asserted qualified immunity, such as, for example, where there is a serious concern that relevant information may be lost if limited discovery is not permitted, or where there is no direct connection between the entity and the particular individual asserting immunity. Here, though, there is no such showing, and the Court finds pursuant to *Iqbal* that discovery should be stayed as to the entity defendant in this case as well as the individual defendant until Defendant Bare's qualified immunity defense is adjudicated by the District Judge.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#22] is **GRANTED**. All discovery is **stayed** pending resolution of Defendant Bare's Amended Motion to Dismiss [#31].

DATED: December 12, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge